IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WAYNE MCDANIEL,

    Petitioner,

v.                                          No. 18-cv-1058 KG/KBM

MARK GALLEGOS,

    Respondent.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

Before the Court is Petitioner David Wayne McDaniel's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Petitioner challenges his state court conviction for possession of a controlled substance, a fourth degree felony. *See* Doc. 1 at 2. For the reasons below, the Court will require Petitioner to show cause why the petition should not be dismissed for failing to exhaust state remedies.

**I. Background**

On August 24, 2018, a jury convicted Petitioner of possessing methamphetamine in violation of N.M.S.A. 1978, § 30-31-23(D). *See* Doc. 1 at 9-10; Verdict in case no. D-905-CR-2017-00546.[1] By a judgment entered October 17, 2018, the state court sentenced Petitioner to eighteen months imprisonment, followed by one year of parole. *See* Judgment in case no. D-905-CR-2017-00546. Petitioner did not appeal. *See* Doc. 1 at 2-3. On November 14, 2018, he filed the federal § 2254 petition. He contends the state court violated his due process rights during trial.

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

*Id.* at 2. In the section of the petition addressing prior appeals or collateral attacks, Petitioner wrote: "This is my first attempt at post-sentence relief." *See* Doc. 1 at 3.

## II. Filing Fee

As an initial matter, the Court determines the petition is deficient because Petitioner has not prepaid the $5.00 filing fee. If Petitioner cannot afford to prepay the filing fee, he must submit an *in forma pauperis* application along with an "affidavit that includes a statement of all assets such prisoner possesses." 28 U.S.C. § 1915(a)(1). Petitioner must cure this deficiency within thirty (30) days of entry of this Order.

## III. Screening the Petition

The petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2254 where the petitioner's conviction or sentence violates federal law. *See* 28 U.S.C. § 2254. "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under … § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir.

2008). *See also Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that a § 2254 petition may be dismissed *sua sponte* if the "failure to exhaust [is] clear from the face of the petition").

The petition here explicitly indicates Petitioner has not presented any federal issue to the New Mexico Supreme Court. *See* Doc. 1 at 2-3. There are also no grounds to excuse the exhaustion requirement, as Petitioner may still pursue a state habeas petition. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (the exhaustion requirement can be excused "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). The Court will therefore require Petitioner to show cause why this action should not be dismissed for failure to satisfy the exhaustion requirement. If Petitioner fails to timely respond to this Order, the Court will dismiss the petition without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner must prepay the $5.00 filing fee or, alternatively, file an application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner must show cause in writing why his § 2254 federal petition should not be dismissed for failure to exhaust state court remedies.

**IT IS FINALLY ORDERED** that the Clerk's Office shall mail to Petitioner a form *in forma pauperis* motion along with a copy of this Order.

_____
UNITED STATES MAGISTRATE JUDGE